MUSICAL COURIER COMPANY, PLAINTIFF, v. PIANO MO-
TORS CORPORATION, DEFENDANT.

Decided September 5, 1923.

Foreign Corporations—Security for Costs—Statutory Provision
that Demand Should be Made Any Time Before Notice of
Trial Instead of Before Issue Joined Provided in Practice
Act—Special Circumstances Must be Shown to Justify Order.

On demand for security for costs.

For the motion, *Elmer G. Van Name* and *Frank W. Davis.*

Contra, *Wilbert V. Pike.*

The opinion of the court was delivered by

KATZENBACH, J. The Musical Courier Company instituted
in this court an action at law against the Piano Motors Cor-
poration. The complaint discloses that the Musical Courier
Company is a foreign corporation. The defendant filed an
answer. On August 18th, 1922, the attorney for the plaintiff
forwarded a notice of trial to the attorney for the defendant,
which was received, but of which service was not acknowl-
edged. On August 22d, the attorney for the defendant wrote
a letter to the attorney for the plaintiff which stated that he
did not wish to acknowledge service as it was his desire to
have the plaintiff enter security for costs. On September 6th,
1922, a formal demand for security for costs was served by
the attorney of the defendant upon the attorney of the
plaintiff. This demand has not been complied with, and the
defendant's attorney now moves that the case be stricken
from the list for failure to comply with this demand. The
attorney for the plaintiff relies upon section 204 of the Prac-
tice act, which reads: "If the plaintiff resides out of this state
he shall, if required, at any time before notice of trial, give
bond to the defendant * * * with condition to prosecute
his action with effect and to pay costs if he discontinue, be

nonsuited or a judgment pass against him   *   *   *   contending that a defendant has no standing to demand security for costs after notice of trial has been given and as notice of trial was given in this case, as previously held by this court, that the defendant has no standing to make the present motion." Section 204 was prior to the enactment of the Practice act of 1903 embodied in section 232 of the Revision of 1874. Section 232 read: "If the plaintiff reside out of this state he shall, if required before issue joined, give bond to the defendant," &c.

It will therefore be seen that the change was made in the act of 1903, providing that the demand should be made at any time before notice of trial, instead of before issue joined as in the Revision of 1874. It has, however, been held by the late Mr. Justice Read, in the case of *Rommel* v. *Kirk,* 4 *N. J. L. J.* 216, that the statute authorizing demand for security of costs did not abrogate the common law rule which permits in certain cases an application to the court for a rule for security to be made in certain cases even after issue joined. The same decision was given by the late Mr. Justice Van Syckel in the case of *Code* v. *Williams,* 5 *Id.* 218. The force of the reasoning in these two cases applies equally to the 1903 revision of the Practice act. I am therefore of the opinion that security for costs can be demanded after notice of trial has been given. On the other hand, it seems to me that there should be some special circumstances alleged and shown which would justify an order that security for costs be filed after notice of trial had been given, as it is the intention of section 204 of the Practice act of 1903 that the defendant entitled to security for costs shall act in this matter before notice of trial has been given. In the present application there were no special circumstances alleged and shown why security for costs should be given after notice of trial had been served. The motion to strike the case from the list and to file security for costs, for these reasons, is denied.